J-S26003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC JOHN COOK | |
| Appellant | No. 155 MDA 2021 |

Appeal from the Judgment of Sentence August 5, 2020
In the Court of Common Pleas of Lebanon County
Criminal Division at No: CP-38-CR-0000889-2019

BEFORE:  STABILE, J., MURRAY, J. AND MUSMANNO, J.

MEMORANDUM BY STABILE, J.:          **FILED: NOVEMBER 5, 2021**

Appellant, Eric John Cook, appeals from his judgment of sentence of one to two years' imprisonment for simple assault (mutual affray)[1] against the boyfriend of Appellant's former wife.  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On May 25, 2019, Lebanon City Police Department charged [Appellant] with one (1) count of Simple Assault (M2).  This charge stemmed from an incident involving [Appellant] and Walter Grundum (hereinafter "Victim") wherein [Appellant] punched Victim in the head, resulting in injuries.  On April 19, 2020, the Commonwealth filed an Amended Information which added a separate charge of Simple Assault—Mutual Affray.  On June 16, 2020, a trial by jury was held on these charges.

---

[1] 18 Pa.C.S.A. § 2702(a)(1), the crime of conviction provides that a person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another."  Simple assault is graded as a third-degree misdemeanor when the defendant enters a fight or scuffle by "mutual consent" (or "mutual affray," as alleged in this case).

On the date of the relevant incident, Victim was living at 231 South Ninth Street in Lebanon, Pennsylvania. Victim lived at the residence with Shelvadine Cook (hereinafter "Ms. Cook"), Tyler Baish (Victim's son), and [Appellant]. Ms. Cook and Victim were in a relationship at the time. Prior to this relationship, Ms. Cook and [Appellant] were married, but [they] divorced in March of 2019. Due to financial hardships faced by [Appellant], Ms. Cook agreed to allow [Appellant] to stay at her residence temporarily.

On May 25, 2020, Victim and Ms. Cook went to the Eagle's Club, a social club located in Lebanon. Sometime after they had arrived, [Appellant] also entered the Eagle's Club. When [Appellant] arrived, he was visibly drunk, acting belligerent, and began making verbal threats at the couple. After becoming the target of [Appellant]'s obscene behavior, Victim and Ms. Cook left the Eagle's Club and returned to the South Ninth Street residence. After returning home, the two retreated to Ms. Cook's bedroom.

Later that night, [Appellant] returned to the Ninth Street residence as well. After arriving, [Appellant] recognized that the two were home and in Ms. Cook's bedroom. [Appellant] then proceeded to break down the locked bedroom door and approached the couple inside their bedroom. [Appellant] proceed[ed] to first push Ms. Cook to the side and then punch Victim in the head. Victim tried to defend himself but was unable to do so until Tyler Baish entered the fray and restrained [Appellant] until police arrived. Victim suffered a contusion on his head as a result of the incident.

At the resulting trial, defense counsel attempted to elicit information about the relationship between Victim and Ms. Cook during cross examination of Victim. The Commonwealth objected to this line of questioning and the Court sustained the objection. After the [c]ourt excluded this testimony, defense counsel attempted to call a woman named Gina Fahnestock (hereinafter "Ms. Fahnestock") as a witness. Defense counsel claimed that she could produce relevant testimony regarding a conversation she had with Ms. Cook in which she informed Ms. Cook of various ways she could evict [Appellant] from her house. However, defense counsel could not establish a timeframe of when this conversation occurred and as a result, Ms. Fahnestock was not permitted to be called as a witness.

Opinion Denying Post-Sentence Motions ("Opinion"), 12/23/20, at 3.

The jury found Appellant guilty of simple assault (mutual affray). On August 5, 2020, the court imposed sentence. On Monday, August 17, 2020, Appellant filed timely post-sentence motions. In an opinion and order entered on December 23, 2020, the court denied Appellant's post-sentence motions. On January 15, 2020, Appellant filed a timely appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

I. Should Appellant's Motion for a New Trial be granted because the Court abused its discretion in preventing counsel from questioning the victim and [Appellant's] ex-wife/Commonwealth witness as to their motive to lie and/or bias—specifically their relationship together, which caused the jury to place too great a weight on the testimony presented by the victim that [Appellant] committed the simple assault?

II. Should Appellant's motion for a new trial be granted because a material witness was excluded because the Court ruled her testimony was not relevant to the events charged?

Appellant's Brief at 4.

Before proceeding to these issues, we discuss whether this appeal is timely. When, as here, the appellant files timely post-sentence motions, the court has 120 days to decide these motions. Pa.R.Crim.P. 720(B)(3)(a). If it fails to decide the motions by the 120th day, they are deemed denied by operation of law, *id.*, and the clerk of courts must enter an order deeming the motion denied and serve copies on the parties. Pa.R.Crim.P. 720(B)(3)(c).

The defendant must file his notice of appeal within thirty days of the entry of the order denying the motion by operation of law. Pa.R.Crim.P. 720(A)(2)(b).

Here, Appellant filed timely post-sentence motions on August 17, 2020, and the court failed to decide these motions within 120 days of this date, *i.e.*, by December 15, 2020. The court clerk, however, did not enter an order deeming the post-sentence motions denied on this date. The trial court ruled on the motion on December 22, 2020, outside the 120-day period. Only then (December 22, 2020) did the clerk enter an order on the docket denying post-sentence motions. Appellant appealed on January 15, 2021, within thirty days of the order denying post-sentence motions, but thirty-one days after the 120-day deadline for deciding the motions under Rule 720(B)(3)(a).

Ordinarily, this appeal would be untimely because it was filed more than thirty days after the date post-sentence motions were deemed denied by operation of law. However, this Court has held that a court breakdown occurs when the trial court clerk fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). ***Commonwealth v. Patterson***, 940 A.2d 493, 498-99 (Pa. Super. 2007). We invoke this principle here and hold that (1) the clerk's failure to enter an order denying post-sentence motions on December 15, 2020 constituted a breakdown in the operations of the court, and therefore, (2) the appeal on January 15, 2021, within thirty days of the docketed order denying post-

sentence motions, is not subject to quashal. Accordingly, we proceed to the substance of this appeal.

Appellant contends that the trial court erred by refusing to permit defense counsel from cross-examining Victim about his relationship with Appellant's ex-wife, which, according to Appellant, would have established that Victim had a motive to fabricate evidence against Appellant. Appellant argues:

> This testimony likely would have indicated that [Victim] had lived with a married couple previously which led to the break-up of that marriage. [Victim] is a homewrecker and has a pattern of breaking up marriages and starting a relationship with the wife. [Victim]'s bias in his testimony and motive to fabricate was necessary information for the jury to hear in order to determine the veracity of his testimony. The jury was denied the opportunity to evaluate [Victim]'s testimony in light of his past behavior. The [c]ourt, by excluding cross-examination of the thirty-years relationship between the parties, excluded relevant information from the past which gave context and meaning to the involved parties' conduct. The jury needed to hear the history of the relationships between the people who testified in order to evaluate the credibility of the witnesses and the testimony presented.

Appellant's Brief at 10-11.

The admission of evidence is within the discretion of the trial court. *Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015). "An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.*

We conclude that the trial court acted within its discretion by denying defense counsel leave to cross-examine Victim about his alleged "homewrecking" tendencies. Victim's alleged history as a "homewrecker" was entirely irrelevant to the central question in this case: Appellant's conduct on the night in question. Victim and Appellant's wife gave uncontroverted testimony that Appellant confronted Victim and Appellant's wife at the Eagle's Club, made threatening statements to them while intoxicated, followed them back to Appellant's wife's residence, broke down their bedroom door, and assaulted Victim in the bedroom. Cross-examination about "homewrecking" was entirely unrelated to this testimony.

Furthermore, cross-examination about "homewrecking" was unnecessary to undermine Victim's credibility. The jury already knew, from Victim's and Appellant's wife's direct testimony, that at the time of the incident, Appellant and his wife were separated, and Victim and Appellant's wife were in a romantic relationship. By itself, this evidence enabled Appellant to argue that Victim (and Appellant's wife) were on antagonistic terms with Appellant and had a motive to fabricate testimony about Appellant's conduct. Additional questioning about "homewrecking" was inadmissible as needlessly cumulative and unfairly prejudicial.[2]  Pa.R.E. 403; ***Commonwealth v.***

---

[2] Although the trial court gave slightly different reasons for finding this proposed questioning inadmissible, Opinion at 4, we may affirm its ruling for any reason supported by the record. ***In Re A.J.R.-H.***, 188 A.3d 1157, 1175-76 (Pa. 2018).

*Flamer*, 53 A.3d 82, 88 nn.6 & 7 (Pa. Super. 2012) (evidence is unfairly prejudicial if it "would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case"; cumulative evidence is "additional evidence of the same character as existing evidence . . . that supports a fact established by the existing evidence").

In the second of his questions presented on appeal, Appellant challenges the court's decision to prohibit testimony by a "material witness" as irrelevant. Based on the factual history in Appellant's brief, it appears that Appellant refers to Ms. Fahnestock, an individual who allegedly told Appellant's wife about various ways she could evict Appellant from her house.

First, Appellant waived his objection to the exclusion of Ms. Fahnestock's testimony by failing to make any argument about this witness in the argument section of his brief. *R.L.P. v. R.F.M.*, 110 A.3d 201, 208-09 (Pa. Super. 2015) (arguments which are not appropriately developed are waived on appeal). Even if Appellant preserved this issue, it is devoid of merit. As the trial court correctly reasoned, Appellant failed to establish a timeframe as to when Ms. Fahnestock's advice took place, and without any proximity between Ms. Fahnestock's advice and Appellant's assault, her testimony was irrelevant. Opinion at 4-5.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2021